[864 NE2d 1270, 832 NYS2d 871]

ALAN D. OBOLER et al., Appellants, v CITY OF NEW YORK, Respondent.

Argued February 13, 2007; decided March 22, 2007

**APPEARANCES OF COUNSEL**

*Reingold & Tucker*, Brooklyn (*Abraham Reingold* of counsel), for appellants.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Susan Paulson* and *Francis F. Caputo* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Plaintiff Alan Oboler claims that he injured his shoulder on May 7, 2000 when he stepped on a depressed manhole cover situated in the roadway of Madison Avenue in Manhattan between 92nd and 93rd Streets and his foot struck a "ridge of asphalt" encircling the cover, causing him to trip and fall. He and his wife sued defendant City of New York for damages from his personal injuries and loss of consortium respectively. The City had no prior written notice of the hazard allegedly presented by the depressed manhole cover, as required under the Pothole Law (Administrative Code of City of NY § 7-201 [c] [2]).

In an effort to bring themselves within an exception to the Pothole Law, plaintiffs sought to have an expert testify that there was a 1 to 1$^1$/$_2$-inch height differential between the edge of the asphalt and the manhole cover; that the City created this condition when Madison Avenue was resurfaced; that city and state regulations require manhole covers to be flush with the surrounding surface; and that the City's violation of these regulations and its failure to adhere to accepted engineering and construction practices caused plaintiff Alan Oboler's injuries. There was no evidence as to when this section of Madison Avenue might have been resurfaced prior to the accident, or whether the City performed any such repaving work.

The City moved to dismiss on the ground that plaintiffs had not made out a prima facie case of negligence, or alternatively, to preclude the expert "by reason of the fact that his testimony cannot be based upon anything other than speculation and his opinion that only the City does resurfacing." Supreme Court reserved decision on the City's motion to dismiss, and granted the motion to preclude. Supreme Court subsequently dismissed the complaint at the close of plaintiffs' case at trial, stating that the "record [was] devoid of any evidence indicating that the City repaired Madison Avenue." The Appellate Division affirmed, with two Justices dissenting.

■ ■ We have recognized only two exceptions to prior written notice laws—"where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999] [citations omitted]). Further, "the affirmative negligence exception . . . [is] limited to work by the City that *immediately* results in the existence of a dangerous condition" (*Bielecki v City of New York*, 14 AD3d 301

[1st Dept 2005] [emphasis added]). Here, plaintiff presented no evidence of who last repaved this section of the roadway before the accident, when any such work may have been carried out, or the condition of the asphalt abutting the manhole cover immediately after any such resurfacing. Next, even assuming that the special use doctrine applies to a manhole situated in a city public street, plaintiffs presented no proof of any special benefit conferred on the City. Finally, we note that the expert's opinion was not inadmissible merely because nearly four years elapsed between the accident and the expert's inspection of the site. Because the expert could not supply any reliable evidence as to the elements of the exceptions to the prior written notice law, however, whether the trial court erred in precluding the expert's testimony is a question that does not affect the outcome of this case.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.