[882 NE2d 873, 853 NYS2d 261]

KASHAWN YARBOROUGH, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.

Argued January 2, 2008; decided February 7, 2008

**APPEARANCES OF COUNSEL**

*Pollack, Pollack, Isaac & De Cicco*, New York City (*Brian J. Isaac* of counsel), and *Gary B. Pillersdorf and Associates, P.C.*, for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Fay Ng, Pamela Seider Dolgow* and *John Hogrogrian* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

The unfortunate accident in this case occurred when plaintiff Kashawn Yarborough tripped and fell in a pothole on a Brooklyn street. Plaintiff commenced this action against defendant City of New York to recover damages for his serious injuries. Following discovery, the City moved for summary judgment dismissing the complaint, asserting that it did not have prior written notice of the hazard as required by the Pothole Law (Administrative Code of City of NY § 7-201 [c] [2]). In support of its motion, the City submitted the deposition testimony of a City Department of Transportation employee who testified that no complaints or maintenance and repair records existed for the subject location for two years prior to and one year subsequent to the date of the incident. The City also proffered an affidavit from a City Department of Environmental Protection employee stating that no complaints or records existed for this location during the same time period.

In opposition, plaintiff conceded that the City lacked prior written notice of the pothole, but asserted that such notice was unnecessary because the City affirmatively created the defective condition. Based upon an examination of photographs taken shortly after the accident, one of plaintiff's expert engineers opined that patching repairs to the roadway prior to the accident were negligently undertaken, citing two deficiencies. First, the patching was not flush with the existing pavement, resulting in a difference in elevation between the two surfaces, which he referred to as a "secondary tripping hazard." He also concluded that a segment of the patching eroded—creating the pothole—because the patch was not tack coated with liquid asphalt, thereby allowing "water to enter the joint between the existing asphalt pavement and the patch, weakening the joint and the pavement subgrade and eventually resulting in a failure such as the one occurring here." The engineer further noted that "wear, tear and environmental factors hastened the deterioration of the pavement patch."

Supreme Court denied the City's motion, finding that a question of fact existed on the issue of whether the City was responsible for the defective condition. The Appellate Division reversed and dismissed the complaint, reasoning that plaintiff failed to submit evidence that the repair immediately created the hazardous condition that caused plaintiff's accident.

Where the City establishes that it lacked prior written notice under the Pothole Law, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Additionally, the affirmative negligence exception "is limited to work by the City that immediately results in the existence of a dangerous condition" (*Oboler v City of New York*, 8 NY3d 888, 889 [2007] [emphasis omitted], quoting *Bielecki v City of New York*, 14 AD3d 301 [1st Dept 2005]).

Here, plaintiff acknowledges that the City lacked prior written notice of the dangerous condition. We agree with the Appellate Division that the City was entitled to summary judgment because plaintiff failed to raise a triable question of fact as to whether the City created a defective condition within the meaning of the exception, which requires that the affirmative negligence of the City immediately result in the existence of a dangerous condition. Even assuming the City performed the negligent pothole repair, plaintiff's expert found that the deterioration of the asphalt patch—the condition that caused plaintiff's injury—developed over time with environmental wear and tear.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.