JAMES MARSHALL, Appellant, v CITY OF NEW YORK, Respondent. [861 NYS2d 77]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated April 30, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the City of New York to recover damages for injuries he allegedly sustained on August 28, 2002 when his bicycle struck a pothole on a street in Staten Island. The City subsequently moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the defect. The Supreme Court granted the motion, and the plaintiff appeals. We affirm.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies" (*Griesbeck v County of Suffolk,* 44 AD3d 618, 619 [2007]). An exception to the prior written notice requirement applies only where, through an act of negligence, the municipality affirmatively creates the defect by doing work that immediately results in the existence of a dangerous condition, or where the municipality makes special use of the property on which the defect is located resulting in a special benefit to the locality (*see Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; *Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]).

The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged pothole as required by Administra-

tive Code of the City of New York § 7-201 (c) (*see Yarborough v City of New York*, 10 NY3d at 728; *Smith v Town of Brookhaven*, 45 AD3d 567 [2007]; *Sommer v Town of Hempstead*, 271 AD2d 434 [2000]). Contrary to the plaintiff's contention, repair orders or reports, reflecting only that pothole repairs had been made to the subject area more than a year before the accident, were insufficient to constitute prior written notice of the defect that allegedly caused the plaintiff's injuries (*see Khemraj v City of New York*, 37 AD3d 419, 420 [2007]; *Gee v City of New York*, 304 AD2d 615, 617 [2003]). Once the City made a prima facie showing that it did not have prior written notice of the defect, the burden shifted to the plaintiff to demonstrate the applicability of either of the two exceptions to the written notice requirement (*see Yarborough v City of New York*, 10 NY3d at 728). The plaintiff failed to submit sufficient evidence to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Specifically, the plaintiff failed to raise an issue as to whether the pothole was the result of work done by the City that "immediately result[ed] in the existence of a dangerous condition" (*Yarborough v City of New York*, 10 NY3d at 728 [internal quotation marks omitted]; *see Oboler v City of New York*, 8 NY3d 888, 889 [2007]). The expert affidavit submitted by the plaintiff, while faulting the adequacy of the previous repairs, acknowledged that they were sufficient to correct the condition temporarily and would not immediately result in the existence of a dangerous condition. In addition, the plaintiff has not argued that written notice was not required because the City enjoyed a benefit from its special use of the street (*see Posner v New York City Tr. Auth.*, 27 AD3d 542, 543-544 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Fisher, J.P., Ritter, Florio and Carni, JJ., concur. [*See* 2007 NY Slip Op 31003(U).]