*600 In an action to recover damages for personal injuries, the defendant appeals from an amended judgment of the Supreme Court, Kings County (Lewis, J. on liability; Saitta, J. on damages), dated June 7, 2007, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, and upon a jury verdict on the issue of liability finding it 85% at fault in the happening of the accident and the plaintiff 15% at fault, and a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sum of $474,000, is in favor of the plaintiff and against it.
Ordered that the amended judgment is reversed, on the law, with costs, the defendant’s motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.
The plaintiff commenced this action against the City of New York to recover damages for injuries he allegedly sustained on July 15, 1994, when he tripped and fell over a pothole abutting a manhole cover. At the close of the plaintiffs case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law, and the Supreme Court denied the motion. We reverse.
“Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies” (Griesbeck v County of Suffolk, 44 AD3d 618, 619 [2007]). The prior written notice requirement will be obviated only if the plaintiff establishes that a special use resulted in a special benefit to the locality or that the municipality affirmatively created the defect by performing work that immediately resulted in the existence of a dangerous condition (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Oboler v City of New York, 8 NY3d 888, 889 [2007]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). The affirmative negligence exception “is limited to work by the [defendant] that immediately results in the existence of a dangerous condition” (Oboler v City of New York, 8 NY3d 888, 889 [2007] [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d at 728; Marshall v City of New York, 52 AD3d 586 [2008]; Bielecki v City of New York, 14 AD3d 301 [2005]). Even if a municipality performs negligent pothole *601 repair, where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable (see Yarborough v City of New York, 10 NY3d at 728).
Here, the plaintiff did not allege that the City received prior written notice of the defect (see Administrative Code of City of NY § 7-201), or that the special use exception to the prior written notice requirement applied. Rather, he alleged that the City affirmatively created the defect. However, a witness for the plaintiff testified that the street where the accident occurred had been repaved two or three years before the accident, and the pothole had developed several months after that work was performed. The plaintiff’s expert engineer testified that the pothole formed as a result of improper paving, but that it was likely that it developed over time after use by vehicles. Under these circumstances, the plaintiff failed to establish, prima facie, that any work performed by the defendant immediately resulted in the dangerous condition (see Yarborough v City of New York, 10 NY3d at 728; Oboler v City of New York, 8 NY3d at 889; Marshall v City of New York, 52 AD3d 586 [2008]; Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1097-1098 [2008]; Bogorova v Incorporated Vil. of Atl. Beach, 51 AD3d 840, 841 [2008]).
Contrary to the plaintiffs- contention, the appeal from the judgment brings up for review the court’s ruling on the defendant’s motion pursuant to CPLR 4401 for judgment as a matter of law (see CPLR 5501 [a]).
In light of our determination, we need not reach the defendant’s remaining contention. Spolzino, J.P, Florio, McCarthy and Dickerson, JJ., concur.