◼ ALFRED SCHLEIF, Respondent, v CITY OF NEW YORK, Appellant. [875 NYS2d 259]—

In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Queens County (Cullen, J.), entered May 22, 2008, which, upon a jury verdict, and upon an order of the same court dated April 11, 2008, denying the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law is granted, and the order is modified accordingly.

The plaintiff commenced this action against the City of New York to recover damages for injuries he allegedly sustained on October 1, 2004 when he fell after he stepped into a depression in the asphalt abutting a manhole cover and then caught his foot on the edge of the manhole cover. The depression and manhole were located in the middle of the College Point Municipal Parking Lot, a parking lot owned and maintained by the City. There is no allegation by the plaintiff that written notice of this defect was ever given to the City. Rather, the plaintiff's theory as to liability was that the special use exception applies to the facts of this case.

The trial court rejected the City's request to charge the jury with PJI 2:225A, which requires proof that the City received prior written notice of the defect in question. Instead, as the plaintiff requested, the court charged the jury with PJI 2:225, which does not require proof of such prior written notice. The verdict sheet given to the jury asked only two questions: first, was the City negligent, and second, if negligent, was that negligence a substantial factor in causing the accident. There was no question as to special use.

Upon the jury verdict, the City moved pursuant to CPLR 4404 (a), inter alia, to set aside the verdict and to enter judgment in its favor. The Supreme Court denied the motion and entered an interlocutory judgment on the issue of liability in favor of the plaintiff and against the City. We reverse.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained [parking lot] unless either it has received prior written notice of the defect or an exception

to the prior written notice requirement applies (*Griesbeck v County of Suffolk,* 44 AD3d 618, 619 [2007]). The prior written notice requirement will be obviated only if the plaintiff establishes that a special use resulted in a special benefit to the locality or that the municipality affirmatively created the defect by performing work that *immediately* resulted in the existence of a dangerous condition (*see Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; *Oboler v City of New York,* 8 NY3d 888 [2007]; *Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). The affirmative negligence exception is limited to work by the [defendant] that immediately results in the existence of a dangerous condition (*Oboler v City of New York,* 8 NY3d 888, 889 [2007] [internal quotation marks omitted]; *see Yarborough v City of New York,* 10 NY3d at 728; *Marshall v City of New York,* 52 AD3d 586 [2008]; *Bielecki v City of New York,* 14 AD3d 301 [2005]). Even if a municipality performs negligent pothole repair, where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable (*see Yarborough v City of New York,* 10 NY3d at 728)" (*Diaz v City of New York,* 56 AD3d 599, 600-601 [2008] [internal quotation marks omitted]).

The plaintiff did not allege that the City received prior written notice of the defect (*see* Administrative Code of City of NY § 7-201 [c]) or that the City affirmatively created the defect. However, even assuming the special use exception was applicable here, in order to avail himself of the benefit of that exception, the plaintiff was required to show that the City derived some special benefit from that alleged special use (*see Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; *Oboler v City of New York,* 8 NY3d 888, 890 [2007]; *Diaz v City of New York,* 56 AD3d 599, 600 [2008]). Here, the plaintiff presented no proof as to the alleged special use of the manhole, let alone what special benefit the City derived from it. Accordingly, as the plaintiff failed to meet his burden of showing that he was entitled to avail himself of the special use exception, the City's motion should have been granted.

In light of this determination, we need not reach the City's remaining contentions. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.