*410 Amended judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered October 3, 2008, dismissing the complaint, unanimously affirmed, without costs.
The City had no prior written notice of the sidewalk condition, and no exception to the notice requirement applied (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]).
Plaintiffs notice of claim failed to give notice of the theory that inadequate lighting or the scaffolding by which the City allegedly made special use of the sidewalk, caused plaintiffs fall (see Chieffet v New York City Tr. Auth., 10 AD3d 526, 527 [2004]; see also Semprini v Village of Southampton, 48 AD3d 543, 544 [2008]). Although the notice of claim stated that plaintiff tripped on a raised metal plate, it did not allege, nor did plaintiff present any proof at trial, that the City derived any special benefit from the metal plate (see Poirier v City of Schenectady, 85 NY2d 310, 314-315 [1995]; Schleif v City of New York, 60 AD3d 926, 928 [2009]; Smith v City of Syracuse, 298 AD2d 842, 842 [2002]). Nor did plaintiff establish that the City derived any special use from the scaffolding or the fence.
Plaintiffs claim on appeal that the City created the defect or hazard through an affirmative act of negligence is unavailing (see e.g. Yarborough v City of New York, 10 NY3d 726 [2008]). It is only by speculation that a jury could find that the dangerous sidewalk condition was the immediate result of the City’s actions (see Oboler v City of New York, 8 NY3d 888, 889-890 [2007]; Brooks v Village of Horseheads, 14 AD3d 756 [2005]). Concur— Tom, J.P., Andrias, Friedman, Nardelli and Catterson, JJ.