■ Dana Hammond et al., Appellants, v City of New York, Respondent. [954 NYS2d 529]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered September 1, 2011, which granted defendant City of New York's motion to reargue its motion to dismiss the complaint, and upon reargument, granted the motion, unanimously affirmed, without costs.

The complaint was properly dismissed because the City demonstrated that it had no prior written notice of the alleged defect and no exception to the notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). There is no evidence that the City created the alleged defect or hazard through an affirmative act of negligence (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). Plaintiff's contention is supported by nothing more than mere speculation that the alleged height differential between the dirt in the tree well and the surrounding sidewalk was immediately present at the time construction of the tree well was completed, and plaintiff's notice of claim failed to give notice of the theory that the City was affirmatively negligent in failing to install tree gratings or cobblestones (*see Ghin v City of New York*, 76 AD3d 409, 410 [1st Dept 2010]). Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.