Bania v City of New York (2018 NY Slip Op 00470)





Bania v City of New York


2018 NY Slip Op 00470


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Richter J.P., Mazzarelli, Kahn, Moulton, JJ.


4935 100932/12

[*1]Gobinjee Bania, et al., Plaintiffs-Appellants,
v
City of New York, Defendant-Respondent.


Sacco & Fillas, LLP, Astoria (Tonino Sacco of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered November 14, 2016, which granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded to Supreme Court for further proceedings.
Plaintiffs, both of whom are officers of the New York City Police Department, allege that on September 7, 2011, at about 12:40 a.m., while on patrol, they sustained personal injuries after their vehicle's tire fell into a hole in the roadway located on the northbound portion of Saint Nicholas Avenue between 124th Street and 125th Street. It is uncontroverted that defendant City of New York (City) owned and maintained the accident location. Although plaintiffs do not dispute that the City did not receive prior written notice of the roadway defect under the Pothole Law (see Administrative Code of City of NY § 7-201[c][2]), they claim that no such notice was required because the City created the defect through an affirmative act of negligence by placing a patch over a hole that was at the subject location about 10 days before the accident.
The motion court erred in dismissing the complaint. At the outset, on a motion for summary judgment dismissing the complaint against the City alleging personal injury due to a roadway defect or hazard, the City has the initial burden of establishing that it lacked prior written notice of the defect or hazard under the Pothole Law (Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Where the City meets that initial burden, the burden shifts to the plaintiff, who must demonstrate that the City "affirmatively created the defect [in question] through an act of negligence" (id.). The affirmative negligence exception is limited, however, to "work by the City that immediately results in the existence of a dangerous condition" (id., quoting Bielecki v City of New York, 14 AD3d 301, 301-302 [1st Dept 2005]), as opposed to a defect that "developed over time" (Yarborough, 10 NY3d at 728).
Here, according to the printed results of a December 16, 2014 computerized search for records of the City's Department of Transportation (DOT) concerning the roadway in the vicinity of the accident location, a complaint was made to the DOT on August 27, 2011, resulting in the issuance of a "Corrective Action Request" (CAR) that day. The DOT printout further reflects that on that same day, in response to the CAR, the roadway in that location was inspected by the City's Department of Environmental Protection (DEP). The DOT printout also includes "CAR Comments" reporting that a "2' x 1' area is caved in and down 6 feet in the bus lane, there are also voided areas that extend beyond the opening, DEP Closed: 9/8/2011 11:10:00 AM."
At a hearing held on December 12, 2011 pursuant to General Municipal Law § 50-h, plaintiff Amey R. Kaminska testified that while on patrol shortly after 7:00 a.m. on August 27, 2011, eleven days prior to the accident, she observed a hole in the roadway in the vicinity of 124th Street and Saint Nicholas Avenue, notified DOT about it, and was told that "they would send somebody." On her drive home later that morning, she observed that there was a DOT car "just sitting" near the hole. At her pre-trial deposition on January 16, 2013, Kaminska testified [*2]that she had seen the hole and reported it to the DOT "[l]ess than two weeks prior" to the September 7, 2011 incident and that the hole was "about a foot wide by maybe two feet long." Kaminska's description of the dimensions of the hole is consistent with the "CAR Comments" description of the dimensions of the "caved in" area of the roadway.
In addition, Kaminska submitted an affidavit, sworn July 26, 2013, in opposition to defendant's summary judgment motion. In her affidavit, Kaminska stated that on August 27, 2011, while driving through St. Nicholas Avenue and West 124th Street to her police precinct, she observed two men with orange and green vests standing by a depression in the road. She noted that one of the men was holding a pole or shovel that was placed into the depression. She further states that on the morning of August 28, 2011, while on patrol, she and her partner drove by St. Nicholas Avenue and West 124th Street, where she observed that the depression she had seen the previous day "had been filled with a dark or blackish material like cement or tar."
Plaintiffs also proffered the affidavit of their expert, Stanley H. Fein, sworn August 14, 2015. In his affidavit, Fein, a professional engineer, opined that any attempted patch repair of the sinkhole  "without excavation, proper backfilling and tamping  would begin to fail almost immediately and manifest itself in the recurrence of the sinkhole." Fein further opines that, in the absence of proper excavation, backfilling and tamping, it was "reasonable [to] expect failure of the sinkhole to begin within 24 hours."
Based upon this record evidence, we find that although the City has met its initial burden of establishing the uncontroverted fact that it received no prior written notice of the sinkhole, thereby shifting the burden to plaintiffs, plaintiffs have met their burden of showing that there are triable issues of fact as to whether the City's affirmative negligence created the defect (see Yarborough, 10 NY3d at 723 [2008]). Specifically, plaintiff's testimony and affidavit demonstrate that the City attempted to repair the sinkhole on August 27, 2011. Moreover, the City has conceded based on the CAR report that it worked to fill the sinkhole on August 27, 2011 (eleven days prior to the accident) and August 28, 2011 (ten days prior to the accident). The affidavit of plaintiffs' expert raises the issues of whether the City's affirmative repair of the sinkhole negligently created a defective condition causing the repair to fail immediately after it was made. There is nothing in the record here to indicate that the dangerous condition in question developed over time (cf. Yarborough, 10 NY3d at 728 [affirming summary judgment dismissing the complaint where City lacked prior written notice and "plaintiff's expert found that . . . the condition that caused plaintiff's injury . . . developed over time"]; Speach v Consolidated Edison Co. of N.Y., Inc., 52 AD3d 404, 404 [1st Dept 2008] [same]; Bielecki, 14 AD3d at 301 [affirming dismissal of complaint against City where there was no record evidence of prior written notice to City and plaintiff's expert opined that defect "developed over time"]). Thus, plaintiffs have sufficiently met their burden of raising triable issues of fact as to the City's liability. Accordingly, we conclude that Supreme Court improvidently granted the City's summary judgment motion and that the complaint was improperly dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK