Kalsmith v City of New York (2018 NY Slip Op 00800)





Kalsmith v City of New York


2018 NY Slip Op 00800


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


5614 115584/10 590455/11

[*1]Barbara Kalsmith, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents, Consolidated Edison Company of New York, Inc., Defendant. [And a Third-Party Action]


Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury (Michael F. Schwartz of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Shannon Colabrese of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 26, 2016, which, insofar as appealed from as limited by the briefs, granted defendants the City of New York and New York City Department of Transportation's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants made a prima facie showing that they did not have prior written notice of the defective roadway condition that allegedly caused plaintiff to trip and fall (see Administrative Code of City of NY § 7-201[c][2]; Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Although the FITS reports submitted by defendants showed the existence of potholes at the accident site during the nearly two years prior to plaintiff's accident, there was no proof that any of these defects, which were all repaired, were the cause of plaintiff's accident (see Worthman v City of New York, 150 AD3d 553, 554 [1st Dept 2017]). "The awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident" (Roldan v City of New York, 36 AD3d 484, 484 [1st Dept 2007]).
In opposition, plaintiff failed to raise a triable issue of fact. There is no evidence that defendants created the defective condition, and therefore that exception to the prior written notice requirement does not apply (see Yarborough, 10 NY3d at 728). Moreover, neither actual nor constructive notice of the defect may substitute for prior written notice (see Campisi v Bronx Water & Sewer Serv., 1 AD3d 166, 167 [1st Dept 2003]; see also Amabile v City of Buffalo, 93 NY2d 471, 475-476 [1999]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK