Tomashevskaya v City of New York (2018 NY Slip Op 03461)





Tomashevskaya v City of New York


2018 NY Slip Op 03461


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6540 153705/13

[*1]Lyudmilla Tomashevskaya, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Law Office of Yuriy Prakhin, P.C., Brooklyn (Yuriy Prakhin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered October 13, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she tripped over a raised cobblestone in the area near the Charging Bull statue at Bowling Green. The cobblestone area is a "pedestrian walk or path," falling within the definition of "sidewalk" in Administrative Code of City of NY § 7-201(c)(1)(b). Because the City demonstrated that it did not receive prior written notice of the defective condition, it cannot be held liable (see Katz v City of New York, 87 NY2d 241, 243 [1995]; Administrative Code § 7-201[c][2]).
Furthermore, plaintiff did not submit any evidence sufficient to raise a triable issue as to whether the City was affirmatively negligent in creating the uneven condition (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Plaintiff's expert opined that it looked as if the cobblestone had been imbedded improperly, but plaintiff presented no evidence concerning when the cobblestone area was installed, much less evidence sufficient to demonstrate that the City performed work in the area that immediately resulted in the existence of the alleged uneven condition of the cobblestones (see Oboler v City of New York, 8 NY3d 888 [2007]; Bielecki v City of New York, 14 AD3d 301 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK