Liverpool v City of New York (2018 NY Slip Op 05293)





Liverpool v City of New York


2018 NY Slip Op 05293


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02306
 (Index No. 3307/07)

[*1]Byran Liverpool, et al., appellants, 
v
City of New York, respondent.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Gabriel A. Arce-Yee of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg and Elizabeth I. Freedman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated January 4, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against the defendant, City of New York, to recover, inter alia, damages for personal injuries allegedly sustained by the plaintiff Byran Liverpool (hereinafter the injured plaintiff) in a motorcycle accident on August 2, 2006. Specifically, the plaintiffs claim that the injured plaintiff's motorcycle struck a protruding area of roadway, which caused him and his motorcycle to become airborne. The plaintiffs allege that the subject roadway defect constituted a hazardous condition which the City negligently caused or permitted to develop. The City moved, inter alia, for summary judgment dismissing the complaint, arguing that it lacked prior written notice of the alleged roadway defect as required by Administrative Code of the City of New York § 7-201(c) and it did not create or exacerbate the alleged roadway defect. The Supreme Court granted that branch of the City's motion which was for summary judgment dismissing the complaint. The plaintiffs appeal.
"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Loghry v Village of Scarsdale, 149 AD3d 714, 715 [internal quotation marks omitted]). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728 [internal quotation marks omitted]). The affirmative negligence exception "is limited to work by the [municipality] that immediately results in the existence of a dangerous condition" (id. at 728 [internal quotation marks omitted]). The special use exception is not at issue here.
We agree with the Supreme Court's determination to grant that branch of the City's motion which was for summary judgment dismissing the complaint. The City demonstrated, prima facie, that it lacked prior written notice of the allegedly defective roadway condition and further, that it did not affirmatively create the condition (see Beiner v Village of Scarsdale, 149 AD3d 679). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the City received the requisite prior written notice or whether the City affirmatively created the allegedly defective roadway condition (see Yarborough v City of New York, 10 NY3d at 728; Phillips v City of New York, 107 AD3d 774). The plaintiffs' evidence established, at most, that environmental effects over time created the allegedly defective roadway condition, which is not sufficient to establish the City's liability (see Loghry v Village of Scarsdale, 149 AD3d at 716; Schleif v City of New York, 60 AD3d 926, 928).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court