Dalmasi v City of New York (2020 NY Slip Op 01550)





Dalmasi v City of New York


2020 NY Slip Op 01550


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Mazzarelli, Oing, Moulton, JJ.


11200 24177/13

[*1] Jonathan Dalmasi, etc., Plaintiff-Respondent,
v
The City of New York, Defendant-Appellant.


Georgia M. Pestana, Acting Corporation Counsel, New York (Diana Lawless of counsel), for appellant.
Law Office of Stephen B. Kaufman, P.C., Bronx (John V. Decolator of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 19, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant established its prima facie entitlement to summary judgment in this action where plaintiff's decedent was injured when she tripped and fell due to a pothole in the roadway. Defendant submitted evidence showing that it did not have prior written notice of the alleged defect, as required by Administrative Code of City of NY § 7—201(c)(2).
In opposition, plaintiff failed to raise a triable issue of fact as to whether an exception to the prior written notice requirement applies (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). There is no evidence that the alleged negligent repair of the accident site immediately caused the defect at issue (see Martin v City of New York, 158 AD3d 527, 528 [1st Dept 2018]; Wald v City of New York, 115 AD3d 939, 941 [2d Dept 2014]). Plaintiff's expert's theory as to how defendant departed from good and accepted practice when it allegedly repaired the subject roadway months earlier is speculative (see Worthman v City of New York, 150 AD3d 553 [1st Dept 2017]; see also Flynn v City of New York, 154 AD3d 488, 488-489 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK