Michael R. Brown, 
 Plaintiff-Appellant,
against
The City of New York, Defendant-Respondent.




Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered September 27, 2019, which granted defendant's motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Sabrina B. Kraus, J.), entered September 27, 2019 affirmed, without costs.
The evidentiary proof submitted by the City in support of its motion for summary judgment established, prima facie, that it did not have prior written notice of the defective roadway condition that allegedly caused plaintiff to trip and fall (see Administrative Code of City of NY § 7—201[c][2]; Yarborough v City of New York, 10 NY3d 726, 728 [2008]).
In opposition, plaintiff did not dispute that the evidence submitted by the City established that it did not receive prior written notice of the condition. Instead, plaintiff sought to demonstrate that an exception to the written notice rule applied, by attempting to raise a triable issue of fact as to whether the City may have caused or created the dangerous condition (see Yarborough v City of New York, 10 NY3d at 738). He failed to do so. Plaintiff never asserted the affirmative negligence theory upon which he now relies in his notice of claim or complaint, but instead waited until approximately 16 months after the accident to do so, in his bill of particulars. That was improper, as a party may not add a new theory of liability which was not included in the notice of claim (see Kales v City of New York, 169 AD3d 585 [2019]; Cambio v City of New York, 118 AD3d 577, 578 [2014]). Nor did plaintiff seek leave to serve a late notice of claim containing the new theory prior to the expiration of the one year and 90-day statute of limitations period (see General Municipal Law § 50-e[5]; Semprini v Village of Southampton, 48 AD3d 543, 544-545 [2008]). Thus, plaintiff is precluded from asserting such new theory "in opposition to defendant's motion after the statute of limitations has expired" (Kales v City of New York, 169 AD3d at 585).
[*2]All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 27, 2020