DeLaCruz v City of New York (2022 NY Slip Op 05370)

DeLaCruz v City of New York

2022 NY Slip Op 05370

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Index No. 153351/15 Appeal No. 16292 Case No. 2021-02033 

[*1]Jose DeLaCruz, Plaintiff-Appellant, Wanda Guttierrez, Plaintiff,
v
The City of New York, Defendant-Respondent, Time Warner Cable, Inc., Defendant. [And a Third-Party Action.]

Carter Reich, PC, New York (Carter Reich of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about May 13, 2021, which granted defendant City of New York's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Defendant established prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the construction gravel that plaintiff claims caused his accident (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see also Campisi v Bronx Water & Sewer Serv., 1 AD3d 166 [1st Dept 2003]). Plaintiff contends that corrective action reports (CARs) issued by the Department of Transportation for an area near the accident site constitute written acknowledgment of the purported defect. We reject that argument as neither of the CARs identify a hazardous roadway condition or the presence of construction gravel but rather indicate only that an asphalt trench needed to be restored to concrete. While plaintiff seeks to equate the asphalt trench mentioned in the CARs with the alleged construction gravel, notice of one defect is not notice of another defect (see Vargas v City of New York, 172 AD3d 552, 553 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022