| |
|---|
| **Cabrera v City of New York** |
| 2024 NY Slip Op 33040(U) |
| August 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162175/2018 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** <u>**HON. J. MACHELLE SWEETING**</u>      **PART**        **62**

*Justice*

-----------------------------------------------------------------------------X

HECTOR CABRERA

                     Plaintiff,

               - v -

THE CITY OF NEW YORK,

                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 162175/2018 |
| **MOTION DATE** | 02/06/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for         <u>JUDGMENT - SUMMARY</u>.

In the underlying action, plaintiff claims that on June 18, 2018 at approximately 5:05 p.m., he was operating an electric scooter "when the scooter's wheels struck a hole in the street" located in the northeast corner of the intersection of Audubon Avenue and West 172nd Street in the County, City, and State of New York.

Pending before the court is a motion where defendant THE CITY OF NEW YORK (the "City") seeks an order, pursuant to Civil Practice Law and Rules 3212, granting summary judgment in the City's favor, on the grounds that, pursuant to Section 7-201 of the Administrative Code of the City of New York, the City did not have prior written notice of the defect that allegedly caused plaintiff's accident.

**162175/2018 CABRERA, HECTOR vs. CITY OF NEW YORK**
**Motion No. 001**

**Page 1 of 5**

1 of 5

[* 1]

Standard for Summary Judgment

The function of the court when presented with a motion for summary judgment is one of issue finding, not issue determination (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]; Weiner v. Ga-Ro Die Cutting, Inc., 104 A.D.2d331 [Sup. Ct. App. Div. 1st Dept. 1985]). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (Alvarez v. Prospect Hospital, 68 N.Y.2d 320 [NY Ct. of Appeals 1986]; Winegrad v. New York University Medical Center, 64 N.Y.2d 851 [NY Ct. of Appeals 1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (Assaf v. Ropog Cab Corp., 153 A.D.2d 520 [Sup. Ct. App. Div. 1st Dept. 1989]). Summary judgment will only be granted if there are no material, triable issues of fact (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]).

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Alvarez v Prospect Hosp., 68 NY2d 320 [N.Y. Ct. of Appeals 1986]).

**162175/2018   CABRERA, HECTOR vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

Further, pursuant to the New York Court of Appeals, "We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557 [N.Y. Ct. of Appeals 1980]).

Arguments Made by the Parties

The City argues that Administrative Code 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location. Here, the City argues, it is entitled to summary judgment as it did not have prior written notice of the subject condition at issue. In support of these arguments, the City submitted two sworn affidavits. The first affidavit was by Anumon George a paralegal in the Department of Transportation (the "DOT") who personally conducted a search in the pertinent electronic databases and identified and requested a search for corresponding paper records of permits, applications for permits, OCMC files, CARs, NOVs, NICAs, inspections, contracts, maintenance and repair orders, complaints, gangsheets for roadway work, milling and resurfacing records, and Big Apple Maps for the roadway located at West 172nd Street between Audubon Avenue and Amsterdam Avenue, in the County, City and State of New York, for a period of two years prior to and including June 18, 2018, the date upon which the plaintiff claims to have been injured (NYSCEF Doc. No. 34).

**162175/2018   CABRERA, HECTOR vs. CITY OF NEW YORK**                    **Page 3 of 5**
   **Motion No.  001**

3 of 5

[* 3]

The second affidavit was by Yelena Pasynkova, who is also employed by the DOT and who personally reviewed the maintenance and repair records (also known as a "FITS" report) for defect numbers: DM2016214025 and DM2017164012.  She also reviewed computerized and handwritten crew sheets associated with the alleged defects complained of in the FITS reports.

The City argues that the results off these searches show that the City did not have prior written notice of the subject defect.

In opposition, plaintiff argues that on April 28, 2018, about two months before plaintiff fell, a company named Crax LLC sent a letter to the DOT with respect to the very defect at issue, and included photos of the subject defect.  Plaintiff argues that the City produced this very same "Crax" photo in discovery and that this photo is part of the DOT records that the City attached to the instant motion, at NYSCEF Doc. No. 33, Bates p. 69.  Plaintiff argues that he also included photos of the defect that caused him to fall in his Bill of Particulars at NYSCEF Doc. No. 28, and that the DOT records and plaintiff's photos clearly show the same defect.  Accordingly, plaintiff argues, the City's motion must be denied.

In Reply, the City argues that the defect shown in the Crax photo (NYSCEF Doc. No. 33, Bates p. 69) and the defect in the Bill of Particulars (NYSCEF Doc. No. 28) are two completely different defects.  Specifically, the City argues, that the defects are different because: (i) plaintiff's defect was located in the *intersection* of the streets, whereas the Crax photo depicts a *crosswalk*; (ii) plaintiff's defect was next to a crosswalk painted in a "zebra" pattern, whereas the Crax photo depicts no such paint pattern; and (iii) plaintiff's defect was located next to a manhole cover, whereas the Crax photo shows no such manhole cover.

**162175/2018   CABRERA, HECTOR vs. CITY OF NEW YORK**                          **Page 4 of 5**
  **Motion No.  001**

4 of 5

Conclusions of Law

The court has examined both photos, and finds that the Crax photo and the Bill of Particulars both appear to show a defect located in the intersection next to a crosswalk and next to a manhole cover. Although the painting patterns in the crosswalks appear different, the Crax photo is relatively small and unclear. As noted above, the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Here, the court finds that the City has not met its burden, as there remains open question of fact as to whether the defect depicted in the Crax photo and the defect depicted in the Bill of Particulars is the same.

Finally, the court notes that the City argued in its reply that plaintiff's opposition was insufficient to rebut the City's *prima facie* case. The City is correct that once a municipality establishes that it lacked prior written notice, the burden shifts to the plaintiff to demonstrate that the municipality affirmatively created the defect (Yarborough v City of New York, 10 NY3d 726 [Ct. of Appeals 2008]). However, here, the burden never shifted to plaintiff, as the City did not adequately establish the lack of prior written notice.

Conclusion

For the reasons set forth above, it is hereby:

**ORDERED** that the City's motion is DENIED.

| 8/27/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **J. MACHELLE SWEETING, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**162175/2018   CABRERA, HECTOR vs. CITY OF NEW YORK**
**Motion No.  001**

Page 5 of 5