Carney v City of New York (2024 NY Slip Op 05884)

Carney v City of New York

2024 NY Slip Op 05884

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 157258/18 Appeal No. 3131 Case No. 2023-05508 

[*1]Joseph Carney, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York (Diana Lawless of counsel), for appellants.
Sacco & Fillas, LLP, Astoria (Anthony Zullo of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about September 21, 2023, which denied the motion of defendants The City of New York and the New York City Department of Parks and Recreation (collectively, the City) for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against the City.
While walking down a sidewalk on West 26th Street in Manhattan, plaintiff tried to navigate around other pedestrians and tripped and fell on a metal fence surrounding a tree well, known as a tree guard, where there was no longer a tree. Plaintiff seeks to hold the City of New York and New York City Parks Department and Recreation liable for his fall on the theory that defendants created a hazard by leaving the tree guard after they removed the tree. Defendants' motion for summary judgment should have been granted.
The City sustained its initial burden of demonstrating that it did not receive prior written notice of the condition that caused plaintiff's accident. A search of Department of Transportation and Department of Parks and Recreation records revealed only two 311 calls for the accident site. The calls resulted in service reports reflecting removal of dead trees and a direction for a City employee to investigate whether replacement of the trees was appropriate. No party disputes that the trees were not replaced before the accident. However, verbal or telephonic communication to a municipal body that is reduced to writing does not satisfy the prior written notice requirement, even if the writing includes a service report, as it does here (see Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]; Harvey v Henry 85 LLC, 171 AD3d 531, 532 [1st Dept 2019], lv denied 33 NY3d 911 [2019]).
As a result, the burden shifted to plaintiff to demonstrate that one of the exceptions to the prior written notice requirement applied (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Plaintiff failed to raise a triable issue of fact concerning whether the City affirmatively created the defective condition through an act of negligence or that a special use resulted in a special benefit to it (id.). Plaintiff's theory was that his accident was the result of a combination of inadequate lighting, the height and color of the tree well guard, and the removal of the tree without replacement. However, his expert failed to cite relevant industry-wide standards and practices regarding the construction or design of a tree well border from which the City may have deviated. Moreover, plaintiff did not show that the City's failure to replace the trees was an affirmative act of negligence, rather than a negligent omission, that created an immediately apparent dangerous condition (see Obloer v City of New York, 8 NY3d 888, 889 [2007]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER [*2]OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024