Sharbani v Alter

2026 NY Slip Op 02430

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Yelena Sharbani, et al., appellants,

v

Francis Alter, et al., defendants, Town of North Hempstead, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-08885, (Index No. 609021/21)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. McCormack, JJ.

Levitsky Law Firm PLLC, Brooklyn, NY (Joanna Zieba and Dmitry Levitsky of counsel), for appellants.

Richard J. Nicolello, Town Attorney, Manhasset, NY (Robert Bogle of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered July 10, 2023. The order granted the motion of the defendant Town of North Hempstead for summary judgment dismissing the complaint insofar as asserted against it.

ORDERED that the order is affirmed, with costs.

On November 28, 2020, Yelena Sharbani (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell on an uneven sidewalk in the Town of North Hempstead. In July 2021, the injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the Town. Thereafter, the Town moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that it lacked prior written notice of the alleged defective condition. In an order entered July 10, 2023, the Supreme Court granted the Town's motion. The plaintiffs appeal.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for a defect within the scope of the law unless it has received prior written notice of the defect or an exception to the prior written notice requirement applies" (Sales v City of New York, 241 AD3d 1378, 1378). "To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect. Once that showing is made, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Canaday v Village of Wappingers Falls, 220 AD3d 731, 732 [citation and internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d 726, 728). "The affirmative negligence exception is limited to work done by a municipality 'that immediately results in the existence of a dangerous condition'" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871 [emphasis omitted], quoting Oboler v City of New York, 8 NY3d 888, 889). "Even if a municipality performs a negligent repair, where the defect develops over time with environmental wear and tear, the affirmative negligence exception is inapplicable" (id. [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d at 728).

Here, the Town established, prima facie, that it did not receive prior written notice of the alleged defect by submitting, among other things, affidavits from the Town Superintendent of Highways, the Acting Commissioner of the Town's Department of Public Works, and the Town Clerk, each of whom averred that a records search failed to reveal any written notice of a defective condition at the subject location prior to the date of the accident (see Discepolo v County of Nassau, 226 AD3d 646, 647; Grady v Town of Hempstead, 223 AD3d 885, 886). To the extent the plaintiffs contend that the Town, in order to establish its prima facie entitlement to judgment as a matter of law, was required to demonstrate that it did not create the alleged defect through an affirmative act of negligence, the plaintiffs have misstated the applicable law (see Goodman v City of New York, 230 AD3d 1115, 1117; Smith v City of New York, 210 AD3d 53, 55-56, 69).

Thus, the burden shifted to the plaintiffs to raise a triable issue of fact as to the applicability of the affirmative negligence or special use exceptions to the prior written notice rule (see Yarborough v City of New York, 10 NY3d at 728). The plaintiffs did not argue that the special use exception was applicable and failed to raise a triable issue of fact as to the affirmative negligence exception (see Grady v Town of Hempstead, 223 AD3d at 886).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court