Grubb v City of New York

2026 NY Slip Op 02725

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Gordon Grubb, Plaintiff-Appellant,

v

City of New York, et al., Defendants-Respondents, Empire City Subway Company (Limited), et al., Defendants.

Decided and Entered: April 30, 2026

Index No. 151101/20|Appeal No. 6498|Case No. 2025-03455|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Silbowitz Garafola Silbowitz & Schatz, LLP, Great Neck (Kayla E. Bargeron of counsel), for appellant.

Steven Banks, Corporation Counsel, New York (Stephanie Teplin of counsel), for City of New York, respondent.

[*1]

Order, Supreme Court, New York County (Carol Sharpe, J.), entered on or about May 14, 2025, which, to the extent appealed from as limited by the briefs, granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action where plaintiff was injured when he tripped and fell on a southern crosswalk at the intersection of Madison Avenue and East 52nd Street, the City established prima facie entitlement to summary judgment by demonstrating that it did not receive prior written notice of the alleged dangerous condition as required by Administrative Code of City of NY § 7-201(c)(2) (see Gray v City of New York, 195 AD3d 538, 538 [1st Dept 2021]). In opposition, plaintiff failed to raise an issue of fact on the prior written notice requirement. The records upon which plaintiff relies as evidence of a "written acknowledgment" of the defect by the City do not demonstrate an acknowledgment of the existence and the dangerous nature of the specific condition that plaintiff alleges caused his accident (see Bruni v City of New York, 2 NY3d 319, 324-325 [2004]). Plaintiff's conclusory allegations do not create a triable issue with respect to any of the exceptions to the written notice requirement (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026