Rios v City of New York

2026 NY Slip Op 02946

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Carmen M. Rios, Appellant,

v

City of New York, Respondent.

Decided and Entered: May 12, 2026

Index No. 153910/18|Appeal No. 6587|Case No. 2025-05497|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'neill Levy, JJ.

Ami Morgenstern, LLC, Long Island City (Marc Andrew Williams of counsel), for appellant.

Steven Banks, Corporation Counsel, New York (Shane Magnetti of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered July 29, 2025, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff does not dispute the court's finding that defendant demonstrated the absence of prior written notice of the sidewalk curb condition that caused plaintiff to trip and fall. Plaintiff argues that she raised an issue of fact under the affirmative negligence exception to the prior written notice requirement (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]).

Contrary to plaintiff's contention, she failed to present sufficient evidence that the height differential in the metal curb was an affirmative act of negligence by defendant that was immediately apparent (see Dunn v City of New York, 206 AD3d 403, 403-404 [1st Dept 2022]). Plaintiff contends that the record suggests that the metal curb was installed between 2003 (when the Big Apple Map did not show a defect in the curb) and September 2007 (when the Google Streetview image depicted the condition). She contends that the curb cover was improperly installed because the metal could not have "morphed shape in such a short interval." However, plaintiff was required to show that the change in the metal curb cover was due to defendant's conduct, and she was unable to cite anything other than speculation as to how and when the condition was created (see Acunia v New York City Dept. of Educ., 68 AD3d 631, 631-632 [1st Dept 2009]). The metal curb cover could have been damaged by any number of events having nothing to do with defendant's actions, especially in light of the evidence that defendant did not perform work on the curb prior to the accident. In addition, defendant's tree pruning and tree well modification did not provide a basis for an inference that those activities resulted in the height differential in the metal curb cover or that they resulted in an immediately hazardous condition (see Civic v City of New York, 215 AD3d 445, 446 [1st Dept 2023]).

Plaintiff argues that when defendant enlarged the tree well, the size of the uneven surface area increased. However, the uneven surface area on the sidewalk was not cited by plaintiff in her testimony as the cause of her fall; she stated that she tripped due to the height differential in the metal curb cover. Plaintiff also contends that defendant

failed to produce records concerning the remodeling of the tree well. However, she did not show that she had requested that information from defendant, and she filed a note of issue and certificate of readiness without making that claim.

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026