*444 Order, Supreme Court, Bronx County (John A. Barone, J.), entered January 20, 2012, which denied defendant City of New York’s motion for summary judgment dismissing the complaint and all cross claims against it and third-party defendant Vales Construction Corp.’s cross motion for summary judgment dismissing the third-party complaint and all cross claims against it, unanimously modified, on the law, to granting the City’s motion as to the common-law negligence claim, and otherwise affirmed, without costs.
As plaintiff concedes, the “firefighter’s rule” bars his common-law negligence claim against the City of New York, his municipal employer (see General Obligations Law § 11-106; Williams v City of New York, 2 NY3d 352, 363 [2004]).
The City failed to establish prima facie that it did not create the alleged defective condition that gave rise to plaintiffs accident (see Oboler v City of New York, 8 NY3d 888 [2007]). Vales, the City’s contractor, failed to establish that its work was limited to the installation of a pedestrian ramp and did not include the area of the sidewalk surrounding the hydrant, where plaintiff tripped and fell. In any event, the record presents a triable issue of fact whether Vales’s work resulted in the immediate creation of the 21/2-inch height differential in the sidewalk on which plaintiff tripped and fell.
We have considered appellants’ remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.