Dunn v City of New York (2022 NY Slip Op 03570)

Dunn v City of New York

2022 NY Slip Op 03570

Decided on June 02, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 152389/15 Appeal No. 16065 Case No. 2021-04586 

[*1]Susan Abdul-Malik Dunn, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent.

Richard L. Giampa, P.C. Bronx (Richard L. Giampa of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about June 23, 2021, which granted defendant the City of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that as she was walking on the campus of City College, which the City owned and maintained, she tripped and fell on a gap between the roadway and a hydrant gate box cover. The City established its prima facie entitlement to summary judgment by submitting proof establishing that it did not have notice of the allegedly defective condition, and plaintiff does not dispute that the City did not receive prior written notice of the gap around the hydrant valve box where she was injured. As a result, the burden shifted to plaintiff to establish one of the exceptions to the notice requirement — here, that the City affirmatively created the defect through an act of negligence or did roadwork that would have resulted in an immediately apparent dangerous condition (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Rosenblum v City of New York, 89 AD3d 439, 439 [1st Dept 2011]).
Plaintiff, however, failed to sustain her burden, as she did not present evidence sufficient to raise a triable issue of fact concerning whether the City created the gap by removing the asphalt around the box in order to access the box's interior. Nor did she submit evidence that the City did any roadwork that would have resulted in the dangerous condition (see Tomashevskaya v City of New York, 161 AD3d 511, 512 [1st Dept 2018]). The unrefuted testimony of the City's witnesses indicated that entities other than the City embedded different boxes in the roadway, and that those boxes were similar in appearance to the box plaintiff identified as the cause of her accident. Moreover, an extensive search of the City's records failed to reveal evidence that it worked on the box or repaved the roadway within a four-year period before the accident (see Oboler v City of New York, 8 NY3d 888, 889 [2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022