■ DIANE WALKER, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [825 NYS2d 445]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered July 29, 2005, insofar as appealed from, dismissing the complaint as against defendant City of New York, unanimously affirmed, without costs.

The trial court properly set aside the verdict against the City for lack of legally sufficient evidence that the street defect that caused plaintiff to trip and fall was created by an affirmative act of negligence by the City, such that the Pothole Law's written notice requirement (Administrative Code of City of NY § 7-201 [c] [2]) was rendered inapplicable (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Indeed, plaintiff's evidence was insufficient to show that the City had performed work at the location where she fell, close to the curb in an avenue crosswalk. Exhibit 9, the only one of four Department of Transportation repair orders relied on by plaintiff that indicates a repair was undertaken, shows only that there was a pothole somewhere in the intersection. But exhibit 9 would not avail plaintiff even if it could be construed as evidence that the City performed pothole repair work at the location of her fall, given a repair that was performed in March 1995, a fall that occurred in November 1999, and no evidence that the existence of the hole was the "immediate result" of the repair work (*see Bielecki v City of New York*, 14 AD3d 301 [2005]). Plaintiff's claim that the City had actual notice of the alleged defect is unpreserved and, in any event, unavailing. There is no actual notice exception to the prior written notice requirement (*see Campisi v Bronx Water & Sewer Serv.*, 1 AD3d 166, 167 [2003]). Concur—Tom, J.P., Mazzarelli, Andrias, Sweeny and Malone, JJ.