■ DONALD KHEMRAJ, Appellant, v CITY OF NEW YORK et al., Respondents. [829 NYS2d 621]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated December 20, 2005, as granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaint insofar as asserted against them and denied, as academic, the plaintiff's motion to restore the case to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured after tripping and falling in a pothole located at 94th Street and Jamaica Avenue in Queens. He commenced this personal injury action against the defendant City of New York (hereinafter the City) and the defendant Verizon, Inc. (hereinafter Verizon). Almost three years after commencement of the action, the Supreme Court marked the case off the trial calendar. Within one year, the plaintiff moved to restore the case to the trial calendar and the defendants separately cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court properly awarded summary judgment to both defendants, as they both established their prima facie entitlement to judgment as a matter of law. The City demonstrated that it had no prior written notice of the alleged defect pursuant to section 7-201 (c) (2) of the Administrative Code of the City of New York. Contrary to the plaintiff's contention, prior written notice was not established by either the Big Apple Map, which did not indicate any pothole at the subject location, or by the City's issuance of a work permit to Bell Atlantic (Verizon's predecessor) (*see DeSilva v City of New York*, 15 AD3d 252, 253 [2005]; *Gee v City of New York*, 304 AD2d 615, 617 [2003]; *Camacho v City of New York*, 218 AD2d 725, 726 [1995]). Moreover, the repair order or "FITS report" from 1999, which reflected only that a pothole repair had been made to the subject area approximately 1½ years prior to the plaintiff's fall, was insufficient to constitute written notice to the City (*see Capobianco v Mari*, 272 AD2d 497 [2000]). In opposition to the City's prima facie showing that it did not receive prior written notice, the plaintiff failed to raise a triable issue of fact.

In addition, Verizon prima facie demonstrated that it did not perform any work at 94th Street and Jamaica Avenue and that it did not create the pothole which allegedly caused the plaintiff's fall. In opposition, the plaintiff failed to raise a triable issue of fact. The expert affidavit of the plaintiff's engineer was speculative and conclusory, failed to set forth foundational facts, and assumed facts not supported by the evidence (*see Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930 [2005]; *Simo v New York City Tr. Auth.*, 13 AD3d 609, 611 [2004]).

Since the Supreme Court properly granted summary judgment to both defendants, it correctly denied, as academic, the plaintiff's motion to restore the action to the trial calendar (*cf. Johnson v Greenberg*, 35 AD3d 380 [2006]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.