■ Elizabeth Baynes, Appellant, v City of New York et al., Respondents. [916 NYS2d 58]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 14, 2009, which, in an action for personal injuries allegedly sustained when plaintiff fell on gravel as she crossed the street, granted defendants' motions for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff alleges that at the time of her accident, she was crossing the street with the assistance of a walker/shopping cart which became stuck in the subject gravel, causing her to fall. In

preparation for repaving, the street had recently been milled by defendant Columbus Construction Corp., leaving an irregular, striated surface. Columbus had been hired by defendant City of New York to perform the milling work.

Dismissal of the complaint as against Columbus was appropriate. The record establishes that the presence of the gravel was open and obvious and not inherently dangerous (*see Schulman v Old Navy/Gap, Inc.*, 45 AD3d 475, 476 [2007]). Indeed, plaintiff testified at her deposition that she was looking down and observed the gravel prior to proceeding across the street.

Summary judgment was also properly granted to the City inasmuch as plaintiff admittedly failed to meet the written notice requirement pursuant to Administrative Code of the City of New York § 7-201 (c) (2). It is undisputed that Columbus milled the street where plaintiff fell, and thus, her claim against the City is not exempted from the written notice requirement (*see Oboler v City of New York*, 8 NY3d 888 [2007]; *Walker v City of New York*, 34 AD3d 226 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.