Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered October 18, 2011, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Flaintiff slipped on calcium chloride, a substance used to treat and prevent ice conditions, while exiting her apartment building. She admitted observing the calcium chloride pellets before her fall. The record shows that the presence of the calcium chloride was open and obvious and not inherently dangerous (see Verdejo v New York City Hous. Auth., 105 AD3d 450 [1st Dept 2013]; Baynes v City of New York, 81 AD3d 423 [1st Dept 2011]). Defendants’ safety consultant established that using calcium chloride to combat snow and ice conditions was a good, accepted, and safe practice, consistent with industry standards, and that there were no standards that required removing “ice *493 melt” when ice was not present. The expert opined that the calcium chloride would have been soft and pliable and would not have been slippery at the time of the accident, and thus, not hazardous. His affidavit was not speculative since it was based upon his review of deposition testimony, the weather report for the relevant period, his personal inspections of the premises, and a sample of the calcium chloride used there.
In opposition, plaintiff failed to raise a triable issue of fact as to the existence of a dangerous condition. Consideration of the building superintendent’s deposition testimony does not alter this conclusion.
We have considered plaintiff’s contention based on public policy and find it unavailing. Concur—Friedman, J.E, Richter, Feinman, Gische and Clark, JJ.