■ Luis Berrios, Respondent, v City of New York, Appellant, and Tri-Messine Construction Co., Respondent, et al., Defendants. (And a Third-Party Action.) [979 NYS2d 799]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered August 22, 2011, which denied defendant City of New York's motion for summary judgment dismissing the complaint and cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Eight days before plaintiff's accident, a city highway inspector employed by the Department of Transportation prepared a Highway Inspection and Quality Assurance Report identifying a two-inch-deep defect in the street at the location of the accident, and issued a corrective action request for repairs. These documents constitute a "written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition," i.e., one of the three alternative prerequisites to bringing an action against the City for personal injuries caused by a defect in the public street (see Administrative Code of City of NY § 7-201 [c] [2]; Bruni v City of New York, 2 NY3d 319 [2004]). However, the same provision of the Administrative Code also provides the City with a 15-day grace period within which to repair or otherwise render safe the defective condition (§ 7-201 [c] [2]). Since the "written acknowledgement" was received by the City only eight days before the accident, this action may not be maintained against the City.

Plaintiff has identified no circumstances warranting an exception to the notice requirement of the Administrative Code or the 15-day grace period (see Walker v City of New York, 34 AD3d 226 [1st Dept 2006]; Campisi v Bronx Water & Sewer Serv., 1 AD3d 166 [1st Dept 2003]; compare Kelly v City of New York, 172 AD2d 350 [1st Dept 1991]). Concur—Sweeny, J.P., Andrias, Freedman, Richter and Clark, JJ.