■ BETH ABOTT, Appellant, v CITY OF NEW YORK, Respondent. [980 NYS2d 440]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered January 8, 2013, dismissing the complaint, unanimously affirmed, without costs.

The court properly directed a verdict for defendant City, as there was no rational process that would lead the trier of fact to

find for plaintiff, who was injured after stepping into a pothole (*see generally Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The Pothole Law's written notice requirement (Administrative Code of City of NY § 7-201 [c] [2]) contains a "written acknowledgement" provision which permits a lawsuit "where there is documentary evidence showing, as clearly as written notice to DOT would show, that the City knew of the hazard and had an opportunity to remedy it" (*Bruni v City of New York*, 2 NY3d 319, 326 [2004]). However, repair orders or reports, reflecting only that pothole repairs had been made to the subject area more than a year before the accident, are insufficient to constitute prior written notice of the defect that allegedly caused a plaintiff's injuries (*see Khemraj v City of New York*, 37 AD3d 419, 420 [2d Dept 2007]; *see also Walker v City of New York*, 34 AD3d 226 [1st Dept 2006]). Here, the record demonstrates that plaintiff presented no evidence or testimony which contradicted the City's documentation showing that the subject defect had been repaired, closed, and made safe, more than a year prior to the accident (*see Khemraj* at 420).

We have considered plaintiff's remaining contentions, including that the City's failure to honor so-ordered subpoenas warranted the striking of its answer, and find them unavailing. Concur—Sweeny, J.P., Renwick, Moskowitz, Richter and Gische, JJ.