■ FRANCES BROWN, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [56 NYS3d 67]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 12, 2015, which granted the motion of defendant City of New York for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that, as she was exiting a bus, she tripped and fell over the stump of a pole sign protruding about three to four inches from the sidewalk near the bus stop. The City met its prima facie burden by showing that plaintiff did not plead that the City received prior written notice of the sidewalk defect as required by Administrative Code of City of NY § 7-201 (c) (2) (*see Katz v City of New York*, 87 NY2d 241, 243 [1995]).

The City also submitted evidence showing the absence of prior written notice; that the sign was in good condition two years before the accident; that the City received a citizen complaint through 311 less than 15 days before plaintiff's ac-

cident; and that it repaired the condition a few days after her accident. The complaint received before the accident, even if it were in writing, could not constitute prior written notice for purposes of the statute, since it was received within the 15-day grace period provided by the statute for the City to make repairs after receiving notice (*see Berrios v City of New York*, 114 AD3d 451 [1st Dept 2014]; *Silva v City of New York*, 17 AD3d 566, 567 [2d Dept 2005], *lv denied* 5 NY3d 705 [2005]).

As the City established there was no prior written notice, the burden shifted to plaintiff to demonstrate the existence of prior written notice or the applicability of one of two recognized exceptions to the rule (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). Plaintiff failed to demonstrate either that she pled prior written notice or that the 311 complaint received by the City within the 15-day grace period constitutes such notice. Plaintiff's contention that the City affirmatively created the condition by removing the sign from the sleeve is unsupported by any evidence. The City's record search demonstrated that the sign was last repaired two years before plaintiff's accident, and plaintiff failed to present any evidence to the contrary. Accordingly, she failed to raise an issue of fact as to whether the City may have caused the condition through affirmative negligence that "immediately result[ed]" in a dangerous condition (*Bielecki v City of New York*, 14 AD3d 301, 301 [1st Dept 2005]; *see Oboler v City of New York*, 8 NY3d 888 [2007]). Concur—Acosta, P.J., Friedman, Andrias, Webber and Gesmer, JJ.