Jones v City of New York (2018 NY Slip Op 02015)





Jones v City of New York


2018 NY Slip Op 02015


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6074 150565/11

[*1]Cleven Jones, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents, Consolidated Edison Company of New York, Inc., et al., Defendants.


Asher & Associates, PC, New York (Jeffrey B. Manca of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Richard Dearing of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about May 26, 2016, which granted the motion of defendants City of New York and New York City Department of Transportation (DOT) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants met their initial burden of showing that they lacked prior written notice of the subject pothole that caused plaintiff's accident by submitting an affidavit of a DOT record searcher regarding the results of the search she performed of the pertinent DOT electronic databases, and the corresponding paper records search she requested (see Campisi v Bronx Water & Sewer Serv., 1 AD3d 166 [1st Dept 2003]). A citizen complaint, lodged almost five months before plaintiff's accident, does not create a triable issue as to whether defendants had prior written notice of the defect, because the DOT highway repair person sent to the location found that the defect had been repaired (see Worthman v City of New York, 150 AD3d 553 [1st Dept 2017]; Abott v City of New York, 114 AD3d 515 [1st Dept 2014]).
Plaintiff presented no evidence regarding the condition of the asphalt immediately after the repair (see Oboler v City of New York, 8 NY3d 888, 889-890 [2007]; Walker v City of New York, 34 AD3d 226 [1st Dept 2006]). Even assuming that defendants failed to address the underlying cause of the pothole during their prior repair efforts, the record shows that the condition which caused the accident developed over time (see Speach v Consolidated Edison Co. of N.Y., Inc., 52 AD3d 404 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK