Harvey v Henry 85 LLC (2019 NY Slip Op 02815)





Harvey v Henry 85 LLC


2019 NY Slip Op 02815


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


8965 158576/14

[*1]Lynne Harvey, Plaintiff-Appellant,
v
Henry 85 LLC, Defendant-Appellant, 4G Data Systems, Inc., Defendant, The City of New York, Defendant-Respondent.


Sullivan Papain Block McGrath & Cannavo P.C., New York (Stephen C. Glasser of counsel), for Lynne Harvey, appellant.
Mauro Lilling Naparty LLP, Woodbury (Jennifer B. Ettenger of counsel), for Henry 85 LLC, appellant.
Zachary W. Carter, Corporation Counsel, New York (Desiree D. Alexander of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered February 9, 2018, which granted defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The City established prima facie that it lacked prior written notice of the condition of the sidewalk pedestrian handicap ramp on which plaintiff tripped and fell, by submitting affidavits by two record searchers employed by the Department of Transportation (DOT) showing that the City received no written complaints about the ramp in the two years preceding and including the day of the accident (see Administrative Code of the City of New York § 7-201[c][2]; Campisi v Bronx Water & Sewer Serv., 1 AD3d 166, 167 [1st Dept 2003]). In opposition, plaintiff submitted a October 2013 service report that was the result of a verbal or telephonic communication received through the City's 311 system, which is insufficient to raise an issue of fact as to prior written notice (see Kapilevich v City of New York, 103 AD3d 548, 549 [1st Dept 2013]).
Nor do the preliminary report and eventual violation issued in 2007 against the property adjacent to the accident site establish prior written notice to the City, because they pertain to a different defect (see Trentman v City of New York, 162 AD3d 559 [1st Dept 2018]; Abott v City of New York, 114 AD3d 515 [1st Dept 2014]). Indeed, plaintiff testified that the ramp was not missing tiles when she traversed the area about a dozen times between September 2012 and the December 31, 2013 accident.
Plaintiff also failed to raise an issue of fact whether the City issued a written acknowledgment of the alleged defect. The DOT witnesses' testimony shows that DOT did not create a preliminary report or inspect the location after it received the 2013 service report because the 2007 violation against the adjacent property was still open. The affidavit by one of the witnesses does not conflict with his prior deposition testimony and indeed comports with the other witnesses' testimony.
Contrary to plaintiff's contention, the testimony of one of the DOT record searchers "that DOT people went and inspected the area" does not raise an issue of fact, because the witness also [*2]testified that none of the documents found during her search of DOT records indicated that DOT did anything after the City received the October 2013 service report, which is consistent with the other witnesses' testimony and the affidavit.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK