Thompson v City of New York (2019 NY Slip Op 03674)





Thompson v City of New York


2019 NY Slip Op 03674


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9266 161424/13

[*1]Antwan Thompson, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered January 10, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie entitlement to judgment as a matter of law, in this action where plaintiff was injured when he tripped and fell on broken and uneven pavement, by showing that it did not have prior written notice of the dangerous or defective condition (see Jones v City of New York, 159 AD3d 571 [1st Dept 2018]).
In opposition, plaintiff failed to raise an issue of fact. There is no evidence that defendant actually applied a cold patch instead of, as it claims, a hot patch when it cured the condition approximately six months prior to plaintiff's accident (see id. at 572; Abott v City of New York, 114 AD3d 515 [1st Dept 2014]). Even if defendant had applied a cold patch, and only temporarily cured the condition, plaintiff has offered no evidence that doing so was inadequate, or that such allegedly inadequate repairs immediately resulted in the dangerous condition that caused his accident (see Davison v City of Buffalo, 96 AD3d 1516, 1518 [4th Dept 2012]; see generally Yarborough v City of New York, 10 NY3d 726, 728 [2008]). In any event, plaintiff has disclaimed this theory of liability on appeal.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK