Degraffe v City of New York (2024 NY Slip Op 00265)

Degraffe v City of New York

2024 NY Slip Op 00265

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 451555/18 Appeal No. 1516 Case No. 2023-05005 

[*1]Abad Degraffe, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, New York City Housing Authority, Defendant.

Sacco & Fillas, LLP, Astoria (Albert R. Matuza Jr. of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloé K. Moon of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about July 3, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendant City of New York for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
Plaintiff alleged that he was injured in June 2017 when he tripped and fell on a dent in a concrete walkway in a City park. The City established prima facie that it lacked prior written notice of the alleged defect by producing inspection records showing that all sidewalks and paved surfaces in the Park were in "acceptable" condition during the two years before the accident (see Administrative Code of City of NY § 7-201[c][2]; Kales v City of New York, 169 AD3d 585, 585 [1st Dept 2019]).
Plaintiff asserts that the City failed to meet its prima facie burden regarding notice, pointing to an apparent discrepancy between a March 31, 2016 inspection form identifying four park structures that needed caulking, on the one hand, and a corresponding work order showing that five repairs were completed in unspecified locations in the park, on the other. According to plaintiff, this discrepancy creates the possibility that the City had prior written notice of the defect, warranting denial of the City's motion. We reject plaintiff's assertion. Even if the City's records indicated that a caulking repair had been made to the area in 2016, that repair was made approximately one year before plaintiff's 2017 accident, and the records would therefore be insufficient to constitute prior written notice of the defect that actually caused plaintiff's injury (see Abott v City of New York, 114 AD3d 515, 516 [1st Dept 2014]). Thus, the inspection form and the work order fail to raise an issue of fact. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024