| |
|---|
| **Walker v City of New York** |
| 2024 NY Slip Op 33642(U) |
| October 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151633/2019 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. JEANINE R. JOHNSON** | **PART**                 **52-M** |
| *Justice* | |

-------------------------------------------------------------------X

SUSAN WALKER,

                    Plaintiff,

         - v -

THE CITY OF NEW YORK

                  Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151633/2019 |
| **MOTION DATE** | 08/25/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 56, 59, 61, 63, 65, 66, 67, 68, 69, 70, 77, 78, 79

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER    .

Plaintiff, Susan Walker brings this action to recover damages for personal injuries allegedly sustained on November 18, 2017, when she tripped and fell on a square asphalt cutout surrounding a manhole cover. Defendant, The City of New York (hereinafter "City") moves, pursuant to CPLR § 3212, for summary judgment. The motion is granted, and the complaint and all cross-claims asserted against the City are dismissed.

BACKGROUND

According to the notice of claim, Plaintiff's accident occurred on November 18, 2017, at 10:30 a.m. in the southern crosswalk of East 96th Street and Park Avenue in New York County, approximately 15 feet, 8 inches west of the southeast corner of the intersection. (NYSCEF Doc. No. 22, pgs. 1-2). Plaintiff testified that, on the date of the accident, she was walking eastbound within the marked crosswalk on the south side of East 96th Street and Park Avenue on a sunny day when she fell. (NYSCEF Doc. No. 28, pgs. 10-11). Plaintiff had passed the median in the middle of Park Avenue when she stubbed her right foot "against this raised square of asphalt" or "lip" in the asphalt surrounding a manhole cover, causing Plaintiff to fall onto her right side. (*id*

**151633/2019 WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW**
Motion No. 001

**Page 1 of 9**

[* 1]

at 14-15 and 18*)*. Plaintiff described the "ridge," "lip," or "wall" she tripped over as "black tar, whatever it is, and where they've cut in, it's formed a lip." (*id.* at 85-86). Plaintiff testified that there was a difference in height between the asphalt inside the square and the surrounding roadway. (*id.* at 85 and 89-90). Plaintiff identified the accident location in several photographs depicting the scene and testified that the manhole cover was marked with the letters "DWS" on top. (*id.* at 37-39). Plaintiff was removed from the scene by ambulance to Mt. Sinai Hospital, where she underwent surgery for a broken right hip. (*id.* at 16, 18 and 32-33).

Plaintiff commenced this action against City and Defendant, Consolidated Edison Company of New York (hereinafter "Con Ed") by filing a summons and complaint on February 13, 2019. (NYSCEF Doc. No. 24). The complaint and all cross-claims against Con Ed have been dismissed. (NYSCEF Doc. No. 80). The City now moves for summary judgment on the grounds that it lacked prior written notice of the alleged hazardous condition over which Plaintiff tripped and that it did not cause or create the condition. Plaintiff opposes.

DISCUSSION

It is well settled that a party moving for summary judgment under CPLR § 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." A*lvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). The "facts must be viewed in the light most favorable to the non-moving party." *Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 (2012) (internal quotation marks and citation omitted). Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact. *Alvarez*, 68 NY2d at 324.

Administrative Code of the City of New York § 7-201(c)(2), known as the Pothole Law, provides, in part:

**151633/2019  WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW**
**Motion No. 001**

**Page 2 of 9**

2 of 9

[* 2]

"2. No civil action shall be maintained against the city for … injury to person … sustained in consequence of any … crosswalk, or any part or portion of any of the foregoing including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice, or where there was previous injury to person or property as a result of the existence of the defective, unsafe, dangerous or obstructed condition, and written notice thereof was given to a city agency, or there was written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition, and there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or the place otherwise made reasonably safe."

Thus, under the Pothole Law, the City's receipt of written notice of the alleged defect at least fifteen days before the accident is a condition precedent to liability. *Williams v New York City Dept. of Transp.*, 218 AD3d 408, 409 (1st Dept 2023); *Correa v Mana Constr. Group Ltd.*, 192 AD3d 555, 555 (1st Dept 2021). Constructive notice will not suffice. *Amabile v City of Buffalo*, 93 NY2d 471, 475-476 (1999). Plaintiff's "[f]ailure to 'plead and prove' such prior written notice requires dismissal of the complaint." *Kales v City of New York*, 169 AD3d 585, 585 (1st Dept 2019). The City may demonstrate its lack of prior written notice through affidavits from record searchers concerning the records in their agencies' possession. *Hued v City of New York*, 170 AD3d 571, 571 (1st Dept 2019); *Campisi v Bronx Water & Sewer Serv.*, 1 AD3d 166, 167 (1st Dept 2003). If the City demonstrates its lack of prior written notice, the burden shifts to the Plaintiff to show one of two recognized exceptions to the prior written notice requirement: (1) "the municipality affirmatively created the defect through an act of negligence" or (2) "a special use resulted in a special benefit to the locality." *Yarborough v City of New York*, 10 NY3d 726, 728 (2008). "[T]he affirmative negligence exception 'is limited to work by the City that immediately results in the existence of a dangerous condition'." (*id.*).

151633/2019  WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW
Motion No. 001

Page 3 of 9

3 of 9

[* 3]

Applying these principles here, the City has met its prima facie burden of demonstrating its lack of prior written notice of the alleged defective condition in the crosswalk through the affidavits of employees from the Department of Transportation (hereinafter "DOT") and the New York City Department of Environmental Protection (hereinafter "DEP") attesting to the results of searches of those agencies' business records. *Smith v City of New York*, 228 AD3d 472, 473 (1st Dept 2024); *Civic v City of New York*, 215 AD3d 445, 445 (1st Dept 2023); *Gray v City of New York*, 195 AD3d 538, 538 (1st Dept 2021).

Sharanbanti Aich (hereinafter "Aich"), a DOT employee, personally conducted searches for permit applications and permits, OCMC files, CARs, NOVs, NICAs, inspections, contracts, maintenance and repair orders, complaints, gangsheets for roadway work, milling and resurfacing records, and Big Apple Maps, for two years prior to and including November 18, 2017 for two locations. (NYSCEF Doc. No. 31, Aich Affirmation). The first search for the roadway on Park Avenue between East 95th and 96th Streets yielded 14 permits, 14 hardcopy permits, 14 permit applications, five inspection records, and one complaint. (*id.*). The second search for the roadway at the intersection of East 96th Street and Park Avenue yielded four permits, four hardcopy permits, four permit applications, two maintenance and repair orders/records, two complaints, one gangsheet, and one handwritten gangsheet. (*id.*). From those records, only five permits were issued to the City or a contractor working for the City. In 2015 and 2016, DOT issued three street opening permits to Carlo Lizza & Sons Paving, Inc. (hereinafter "Lizza & Sons"), a contractor for the New York City Department of Design and Construction (hereinafter "DDC"), to perform milling work at those locations. (NYSCEF Doc. No. 30, pgs. 9, 17 and 28). Lizza & Sons also obtained a permit to occupy the roadway between September 11, 2015 and November 20, 2015. (*id.* at 23). Plaintiff has not alleged that her accident resulted from the City's milling and resurfacing work.

**151633/2019 WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW**
**Motion No. 001**

**Page 4 of 9**

4 of 9

[* 4]

The DOT searches yielded one street opening permit bearing no. M01-2017280-A05 issued to DEP on October 7, 2017 for "DEP contractor major installation sewer." (*id.* at 46). The permit allowed DEP to open the roadway and/or sidewalk on Park Avenue between East 95th and 96th Streets for a maximum of 10 feet (*id.*). The issuance of this permit, however, "do[es] not indicate that the City was aware of the [alleged defect] in question so as to constitute a written acknowledgment within the meaning of the Pothole Law, and the issuance of the work permits is insufficient to satisfy the prior written notice requirement of the statute." *Gabriele v Edgewater Park Owners Coop. Corp., Inc.*, 67 AD3d 484, 485 (1st Dept 2009) (internal quotation marks and citations omitted).

Complaint nos. DM2016311026 and DM2016311025, both dated November 6, 2016, concern a pothole in the driver's lane from East 96th Street to Park Avenue. (NYSCEF Doc. No. 30, pgs. 32-35). A maintenance production crew sheet and a handwritten gangsheet show that personnel from DOT's Bureau of Highways – Street Maintenance Division repaired the pothole on November 9, 2016. (*id.* at 37; NYSCEF Doc. No. 32). There is no indication the pothole was located within the crosswalk. *Kalsmith v City of New York*, 158 AD3d 442, 442 (1st Dept 2018) or any evidence that this repaired pothole caused Plaintiff's accident. *Worthman v City of New York*, 150 AD3d 553, 554 (1st Dept 2017). Furthermore, reports of pothole repairs in the area more than one year before the accident are insufficient to establish prior written notice. *Abott v City of New York*, 114 AD3d 515, 516 (1st Dept 2014).

The DOT search results also included the most recent map served upon DOT by the Big Apple Pothole and Sidewalk Protection Corporation for the accident location prior to the date of plaintiff's accident. (NYSCEF Doc. No. 31). Absent any symbol indicating the existence of a "Pothole or other hazard" or an "Extended section of potholes or other hazards" in the crosswalk

**151633/2019  WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW**
**Motion No. 001**

**Page 5 of 9**

5 of 9

where the accident occurred. (NYSCEF Doc. No. 30, pgs. 38-40 and 87-90), the Big Apple Map fails to give the City prior written notice of the alleged defect. *D'Onofrio v City of New York*, 11 NY3d 581, 585 (2008).

Kisha Miller (hereinafter "Miller"), a DEP employee, personally conducted a search of DEP's Bureau of Water and Sewer Operations for complaints, inspection records, maintenance records, work orders, and repair records for the southeast crosswalk at East 96th Street and Park Avenue for a two-year period from November 18, 2015 through and including November 18, 2017. (NYSCEF Doc No. 34). The search yielded one customer service request and three work orders. (*id. at* pg. 2). Customer service complaint no. 186436553, received by DEP through the 311 system on October 3, 2017, concerned a leaking fire hydrant. (NYSCEF Doc. No. 33). The three work orders assigned nos. 843854844, 843854846 and 843854846 and associated with that complaint reveal that the leaking fire hydrant was located on the south side of East 96th Street and on the west side of Park Avenue in front of 1234 Park Avenue. (*id.* at 4-5). Plaintiff's accident occurred on the east side of Park Avenue. Accordingly, the City has demonstrated its entitlement to summary judgment.

Plaintiff fails to raise a triable issue of fact in opposition. To begin, Plaintiff does not address whether a special use resulted in a benefit on the City, which is one of the two recognized exceptions to the Pothole Law. Plaintiff also "agrees that the City didn't cause and create the condition in question," though Plaintiff also states that her reply papers are "exclusively in opposition to the City's claim that they didn't have prior written notice …, nor caused and created the condition in question." (NYSCEF Doc. No. 65, pg. 1).

Plaintiff asserts that a "4 foot by 4 foot cut directly around a sewer cap" (NYSCEF Doc. No. 65, pg. 2) was created sometime between September 2015 and May 2016, as shown in the

**151633/2019 WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW**
**Motion No. 001**

**Page 6 of 9**

6 of 9

[* 6]

annexed photographs obtained from Google Maps and that the condition has eroded over time. (NYSCEF Doc. No. 65, pg. 49; NYSCEF Doc No. 68). Plaintiff maintains that the City limited its searches of DOT and DEP records to the two-year period preceding the date of the accident. Plaintiff posits that, had the City extended its search for records created more than two years prior to the accident date, permits for the work surrounding the manhole cover would have been produced.

These arguments are unpersuasive. The preliminary conference order dated January 21, 2020, expressly incorporated the terms of the Part 52 case scheduling order and the case scheduling order sets forth the parameters of any records search. (NYSCEF Doc. No. 10). Plaintiff could have moved to expand the search after receiving the City's supplemental response to the case scheduling order, but she chose not to do so. In any event, a search for records for a two-year period preceding the date of a Plaintiff's accident is sufficient to satisfy the City's prima facie burden. *Degraffe v City of New York*, 223 AD3d 560, 561 (1st Dept 2024); *Hued*, 170 AD3d at 571). Therefore, to the extent Plaintiff alleges that the City caused and created the alleged dangerous condition in the crosswalk, Plaintiff has failed to furnish any evidence of when the work took place. Moreover, even if the City performed work at or near the manhole cover in the crosswalk prior to May 2016, as Plaintiff has argued, to impose liability upon the City, such work must have "immediately result[ed] in the existence of a dangerous condition." *Bielecki v City of New York*, 14 AD3d 301, 301 (1st Dept 2005). Plaintiff has not furnished any competent evidence here. *Smith*, 228 AD3d at 473 (proof of repair work completed five months prior to the date of the accident insufficient to raise a triable issue). Consequently, Plaintiff has failed to establish either of the two exceptions to the prior written notice requirement.

**151633/2019  WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW**
**Motion No. 001**

**Page 7 of 9**

7 of 9

Plaintiff also maintains that the City's search results are deficient because the City failed to produce any prior notices of claim pertaining to the accident location. Plaintiff submits that the New York State Trial Lawyers Association submitted a FOIL request for all notices of claim filed with the City, and the response it received reveals that eight other notices of claim referencing the location of "PARK AV & E 96 ST," apart from Plaintiff's notice of claim, have been filed. (NYSCEF Doc. No. 69).

This argument is equally unpersuasive. First, the case scheduling order incorporated into the preliminary conference order provides that if a party wishes to obtain prior notices of claim, it may do so by contacting the Division Chief of Claims Support. Thus, the preliminary conference order did not require the City to produce any other notices of claim that had been filed. The index of notices of claim annexed to plaintiff's opposition also fails to establish that those other notices pertained to the same alleged defective condition on which plaintiff tripped, as the document lists only a claim number, a date, a location, and the borough. The City, in its reply, has furnished copies of the eight other notices of claim. Close examination reveals that none of those notices of claim pertain to the location of plaintiff's accident or involved other types of incidents resulting in injury. For instance, claim no. 2003PI027899 concerns a trip-and-fall accident in the crosswalk on the west side of Park Avenue. (NYSCEF Doc. No. 79, pg. at 2). Claim no. 2004P1026914 involves a trip-and-fall accident on the sidewalk near 70 East 96th Street (*id.* at 6). Five notices concerned motor vehicle accidents with other vehicles (*id.* at 9, 13, 20, 26-27 and 30). One notice concerned a claim for false arrest, wrongful detention, abuse of process and an excessive use of force involving the New York City Police Department (*id.* at 17).

Accordingly, it is

**151633/2019  WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW**
**Motion No.  001**

**Page 8 of 9**

8 of 9

ORDERED that Defendant, The City of New York's motion for summary judgment is granted; it is further

ORDERED the all claims and all cross-claims against the Defendant, The City of New York asserted are dismissed.

This constitutes the Decision and Order of the Court.

| | | | | |
|---|---|---|---|---|
| **10/9/2024** | | | JEANINE R. JOHNSON, J.S.C. | |
| **DATE** | | | | |

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

151633/2019   WALKER, SUSAN vs. CONSOLIDATED EDISON OF NEW
Motion No.  001

Page 9 of 9