Tamrazyan v 379 Ocean Parkway, LLC (2024 NY Slip Op 05596)

Tamrazyan v 379 Ocean Parkway, LLC

2024 NY Slip Op 05596

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02601
 (Index No. 518097/18)

[*1]Levon Tamrazyan, appellant, 
v
379 Ocean Parkway, LLC, et al., respondents, et al., defendant (and a third-party action).

Law Office of Yuriy Prakhin, P.C. (Ramone Law Firm, PLLC, White Plains, NY [Simon Q. Ramone], of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Wendy M. Tobias of counsel), for respondent 379 Ocean Parkway, LLC.
Ondrovic & Platek, PLLC, White Plains, NY (Robert M. Lefland of counsel), for respondent Yatziv Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 20, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants 379 Ocean Parkway, LLC, and Yatziv Corp. and dismissing those defendants' respective affirmative defenses alleging comparative negligence.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the defendants 379 Ocean Parkway, LLC (hereinafter the owner), and Yatziv Corp. (hereinafter Yatziv), and another defendant, to recover damages for personal injuries the plaintiff alleged he sustained when he tripped and fell on a broken sidewalk abutting the owner's premises. Yatziv had been retained as the general contractor overseeing demolition work on the premises. The owner and Yatziv interposed separate answers. The plaintiff moved, inter alia, for summary judgment on the issue of liability against the owner and Yatziv and dismissing their respective affirmative defenses alleging comparative negligence. The owner and Yatziv separately opposed the motion. By order dated January 20, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
Administrative Code of the City of New York § 7-210(a) "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171). "However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable" (Muhammad v St. Rose of Limas [*2]R.C. Church, 163 AD3d 693, 693; see Gambino v 475 Park Ave. S., LLC, 197 AD3d 621, 622). "Thus, to prevail on a motion for summary judgment, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of the defect" (Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Hagan v City of New York, 166 AD3d 590, 591).
Here, contrary to the plaintiff's contention, he failed to establish, prima facie, that the owner had actual or constructive notice of the allegedly defective condition of the sidewalk (see Robinson v Hess Retail Stores, LLC, 197 AD3d at 518). The affidavit of the plaintiff's expert engineer, which was speculative (see Khemraj v City of New York, 37 AD3d 419, 420) and consisted of impermissible legal conclusions (see Pomilla v Bangiyev, 197 AD3d 1187; Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc., 157 AD3d 769, 771), was insufficient to demonstrate, prima facie, that the owner had constructive notice of the alleged defect (see Robinson v Hess Retail Stores, LLC, 197 AD3d at 518).
"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (Nesbitt v Advanced Serv. Solutions, 224 AD3d 841, 842; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, [inter alia,] where [ ] the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Martinelli v Dublin Deck, Inc, 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140). Here, the plaintiff failed to eliminate triable issues of fact as to whether Yatziv could be held liable for launching a force or instrument of harm in connection with the demolition work performed on the premises (see Nesbitt v Advanced Serv. Solutions, 224 AD3d at 844).
Since the plaintiff failed to meet his prima facie burden, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the owner and Yatziv and dismissing their respective affirmative defenses alleging comparative negligence, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court